UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JORGE VASQUEZ-VILLEGAS,<br><br>                    Defendant. | NO. CR-06-6021-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

On August 25, 2006, Defendant Jorge Vasquez-Villegas moved the Court to dismiss the Indictment filed against him on May 23, 2006. (Ct. Rec. 32.) Defendant asserts his underlying deportation did not comport with due process and he suffered prejudice as a result of such defect. (Ct. Rec. 34 at 3.) In its response, the Government does not object to Defendant's motion. (Ct. Rec. 35.) As explained below, the Court grants Defendant's motion.

In the indictment, the Government alleges that on or about April 8, 2006, Defendant was deported and removed from the United States. (Ct. Rec. 1.) Subsequently, the Government alleges that on or about May 15, 2006, Defendant was found in Franklin County, in the Eastern District of Washington. *Id.* Through this motion, Defendant asserts his original deportation proceeding failed to comport with due process. (Ct. Rec. 34.) In a prosecution for reentry by a removed alien, the defendant can

ORDER * 1

succeed if he demonstrates, "(1) his due process rights were violated by defects in his underlying proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir. 1998).

Defendant argues his original deportation proceeding was defective because it was accomplished through a proceeding that did not involve a hearing before an immigration judge (IJ) or the necessary waiver. (Ct. Rec. 34 at 4.) Under the Immigration and Nationality Act, removal proceedings may take place, "(i) in person, (ii) where agreed to by the parties, in the absence of the alien, (iii) through video conference . . . ." 8 U.S.C. § 1229a(b)(2)(A). When a defendant proceeds without counsel and waives his right to a hearing before an IJ, the IJ must determine whether or not the waiver is "voluntary, knowing, and intelligent." 8 C.F.R. § 1003.25(b). "[W]here the record contains an inference that the petitioner is eligible for relief from deportation, 'the IJ must advise the alien of this possibility and give him the opportunity to develop the issue.'" *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000) (quoting *Moran-Enriquez v. INS,* 884 F.2d 420, 423 (9th Cir. 1989)). Defendant contends there is no evidence the IJ engaged in any fact-finding efforts to determine the validity of Defendant's waiver and that therefore the proceeding was defective. (Ct. Rec. 34 at 7.)

Defendant further argues that he was prejudiced by the defect in his hearing. *Id.* at 9. In order to establish prejudice, Defendant must show "that he had a 'plausible' ground for relief from deportation." *Arrieta,* 224 F.3d at 1079. An alien may be eligible for fast-track voluntary departure as long as he is not barred from relief due to terrorism-

ORDER \* 2

related activities or an aggravated felony. 8 U.S.C. § 1229c(a). In the instant case, Defendant argues that he would have been a good candidate for fast-track voluntary departure under 8 U.S.C. § 1229c, and thus could have avoided deportation had he been apprised of his rights. (Ct. Rec. 34 at 10.)

In its response to Defendant's motion to dismiss, the Government acknowledges that it is unable to refute Defendant's allegations and thus does not object to Defendant's motion to dismiss. (Ct. Rec. 35.) Therefore, the Court finds Defendant has demonstrated his due process rights were violated and that he was prejudiced by the violation. As such, the Court hereby grants Defendant's motion to dismiss the Indictment against Mr. Vasquez-Villegas.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment **(Ct. Rec. 32)** is **GRANTED**. The Indictment **(Ct. Rec. 1)** filed in Case No. CR-06-6021-EFS is **DISMISSED**.

2. The pretrial conference set for **September 12, 2006,** and the trial set for **September 18, 2006,** are hereby **STRICKEN**.

3. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel, the U.S. Marshal, the U.S. Probation Officer, and the Jury Administrator.

**DATED** this ___1st___ day of September 2006.


                S/ Edward F. Shea
                EDWARD F. SHEA
          United States District Judge

ORDER * 3